**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

DORESTINE BANKS, ET AL.

VERSUS

CITY OF GONZALES, ET AL.

CIVIL ACTION

18-634-SDD-EWD

**RULING**

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendants City of Gonzales, Sherman Jackson, Leland Sykes, Gary Ferrari, and Walter Taylor ("Defendants"). Plaintiffs Dorestine Banks, Fredrick Banks, Doretha Farlough, Stella M. Banks, Anna L. Young, Robert Banks, Jr., and Willie Mae Williams ("Plaintiffs") have filed an *Opposition*[2] to this motion, to which Defendants filed a *Reply*.[3] For the reasons set forth below, the Defendants' motion shall be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of the death of the Plaintiffs' brother Michael Banks ("Banks"), who was arrested on suspicion of DUI on April 3, 2015.[4] Plaintiffs are the surviving siblings of Banks.[5] Plaintiffs allege that, while Banks was detained at the Gonzales Police Department on the date of his arrest, he had an altercation with some police officers and suffered a subdural hematoma when he hit his head on the floor.[6]

---
[1] Rec. Doc. No. 26.
[2] Rec. Doc. No. 29.
[3] Rec. Doc. No. 34.
[4] Rec. Doc. No. 1, ¶ 8.
[5] *Id.*
[6] *Id.* at ¶¶ 9-11.
51661

Banks was transported to the hospital for treatment,[7] and, although he was released from the hospital, Plaintiffs allege he "never fully recovered" and was "unable to function normally" after this incident.[8] On August 27, 2015, Plaintiffs allege Banks was "found in his home with a breathing respiratory attached to his face, unresponsive."[9] Banks was transported to the hospital where a hematoma was discovered, and he ultimately passed away on August 28, 2015.[10]

Plaintiffs claim Banks' family was unaware of Banks' declining health and injuries until July 28, 2017, when a story in the Pelican Post newspaper revealed the alleged mistreatment and excessive force used on their brother by Defendants Ferrari and Taylor.[11] Plaintiffs filed this lawsuit against the Defendants advancing constitutional claims under 42 U.S.C. § 1983.

Defendants now move for summary judgment on two grounds: (1) Plaintiffs lack standing to pursue a wrongful death or survival action because Banks had two children at the time of his death, and his children are the only persons entitled to bring these claims under Louisiana law; and (2) Plaintiffs' claims are prescribed. Plaintiffs oppose Defendants' motion, arguing that Banks' obituary referencing his two children is inadmissible "hearsay," and their claims are not prescribed under the doctrine of *contra non valentum*.

---

[7] *Id.* at ¶ 12.
[8] *Id.* at ¶ 14.
[9] *Id.*
[10] *Id.*
[11] *Id.* at ¶ 17.
51661

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[13] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[14] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[15] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[16]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[17] All reasonable factual inferences are drawn in favor of the nonmoving party.[18] However, "[t]he Court has no

---

[12] Fed. R. Civ. P. 56(a).
[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[14] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[15] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[16] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[17] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[18] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

51661

duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[19] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[20]

### B. Defendants' Statement of Material Facts are Deemed Admitted

Plaintiffs have failed to comply with Local Rule 56(b), which requires a litigant to include with a summary judgment opposition "a separate, short and concise statement of the material facts as to which the opponent contends there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party **will be deemed admitted, for purposes of the motion, unless controverted as required by this Rule**."[21] Accordingly, as a matter of law, Defendants' statement that, "[a]t the time of his death, Banks had two children," is deemed admitted for purposes of this motion. Further, Defendants cite to evidence supporting this statement.[22] Plaintiffs fail to controvert this statement or to submit any evidence whatsoever in opposition to Defendants' motion. It is "well established that arguments set forth in a brief in response to a motion for summary judgment, unsupported by ... adequate summary judgment

---

[19] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[20] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[21] Emphasis added.
[22] *See* Rec. Doc. No. 26-1.
51661

evidence, are insufficient to raise genuine issue of material fact to defeat a properly supported motion for summary judgment."[23]

### C. Survival/Wrongful Death Actions

"As a threshold matter, any party bringing suit must have standing to do so, and the [United States Court of Appeals for the] Fifth Circuit has instructed district courts to evaluate state law concepts of paternity to establish standing in wrongful death and survivorship actions."[24] Further, "[s]tanding under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988."[25]

Under Louisiana Civil Code Articles 2315.1 and 2315.2, the right of a survival or wrongful death action is afforded to four exclusive categories of survivors. However, the statutes do not allow for all of the classes of survivors to bring actions. Rather, the existence of a person qualifying within a higher class precludes a person in a lower class from filing suit.[26] The primary category under both 2315.1 and 2315.2 includes the surviving spouse and/or children of the decedent. Thus, pursuant to Articles 2315.1 and 2315.2, surviving siblings may only recover in the event that the decedent was not

---

[23] *Hockaday v. Tx. Dep't of Criminal Justice*, 914 F. Supp. 1439, 1446 (S.D. Tex. 1996).
[24] *Howell v. Hillcorp Energy Co.*, No. 12–0293, 2013 WL 1455758, *3 (E.D. La. 2013).
[25] *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004)(citations omitted). Louisiana law on survival actions applies to Plaintiff's ADA and RA claims as well. *See Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 161 (5th Cir. 2016) (citing *Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 898 (7th Cir. 1997)) ("We may consider that common law rule in determining who may assert a claim for a minor's compensatory damages under the ADA or Rehabilitation Act, just as other courts have looked to the common law to determine when federal civil rights claims survive the death of the person aggrieved.").
[26] *See Kumasi v. Cochran*, No. 2015 WL 4429192 at *3 (M.D. La. July 17, 2015).
51661

survived by a spouse or child, or a parent.[27] As made clear by the Louisiana Supreme Court, "[w]hen a tort victim is survived by a child, the parents of the tort victim have no right to recover for the damages sustained by the victim or for their own damages for the victim's wrongful death."[28] The same is true as to siblings.

Plaintiffs claim that Banks' obituary is hearsay and does not establish paternity. Plaintiffs also argue that it is Defendants' burden to establish Banks' paternity as to the alleged children. Plaintiffs are incorrect on both counts. "The party invoking federal jurisdiction-in this case the plaintiffs-bears the burden of establishing standing."[29] Standing is a jurisdictional requirement that cannot be waived. Plaintiffs have the obligation of demonstrating through summary judgment evidence that they have standing to assert this right of action, and they have failed to do so.

Further, Defendants cite applicable jurisprudence holding that an obituary can be admitted as an exception to the hearsay rule to establish paternity. In *Succession of Rodgers*,[30] the Louisiana Second Circuit Court of Appeal held that the trial court erred when it excluded a newspaper obituary offered to establish paternity. The *Rodgers* court stated:

> One of the oldest exceptions to the hearsay rule encompasses reputation and statements about family history and pedigree. *McCormick on Evidence*, 2d Ed. § 322 (1972). In such cases, **hearsay is admissible to prove not only descent and relationship, but also facts as to birth, marriage and death, and the date when these events occurred**. *Succession of Anderson*, 176 La. 66, 145 So. 270 (1932); *In Re Gray's Succession*, 201 La. 121, So.2d 481 (1982); *IMC Exploration Co. v. Henderson*, 419 So.2d

---

[27] *Id.*
[28] *Jenkins v. Mangano Corp.*, 2000-0790 (La. 11/28/00), 774 So. 2d 101, 105. *See also, Melancon v. Louisiana*, No. 11-1794, 2013 WL 1288702, at *2 (W.D. La. Mar. 26, 2013) (holding that the decedent's mother had no standing to pursue her claims because he had children).
[29] *Louisiana Environment Action Network v. McDaniel*, 2007 WL 2668880, *4 (E.D. La. Sep. 5, 2007).
[30] 499 So.2d 492 (La. App. 2 Cir. 1986).
51661

490 (La.App. 2d Cir.1982), *writ denied* 423 So.2d 1149, 1150 (La.1982); *Dazio v. Wainwright*, 81 So.2d 96 (La.App. 2d Cir.1955); *Succession of White*, 85 So.2d 528 (La.App. Orleans 1956). This exception to the hearsay rule is founded on the necessity which arises from the essentially perishable nature of the probative facts and the very limited number of persons who can be assumed to have either an interest in or knowledge of such facts. Generally, a declaration regarding pedigree is admitted only after showing that the declarant is unavailable, the statement was made before the controversy giving rise to the litigation and that there was no apparent motive for the declarant to misrepresent the facts. The exception goes beyond declarations and permits use of contemporary records of family history such as entries in a family bible or on a tombstone even though the author may not be identifiable. *Succession of Marcour*, 180 La. 129, 156 So. 198 (1934), extended this rule to admit an undertaker's record and newspaper article. The issue in that case was whether a decedent was born prior to or during the lawful marriage of his parents. The court in *Marcour* found that the article was written and published at a time when no motive existed to distort the truth and it was therefore admissible.[31]

As in *Rodgers*, the Proof of Publication affidavit and attached obituary submitted by Defendants establish that the obituary was prepared and published on September 4, 2015, a few days after Banks' death on August 28, 2015. Plaintiffs claim they were unaware of the underlying alleged conduct that forms the basis of this lawsuit until July 28, 2017. Thus, the obituary was prepared and published without motive or thought to pending or potential litigation. As such, the obituary is admissible to establish a presumption of paternity in this matter, and Plaintiffs have failed to controvert this evidence with any countervailing summary judgment evidence. Accordingly, Plaintiffs lack standing and capacity to assert the claims herein, and Defendants are entitled to summary judgment.[32]

---

[31] *Id.* at 494-95.
[32] Because Plaintiffs lack standing and capacity to bring this suit, the Court need not consider the prescription argument.

51661

## III. CONCLUSION

For the reasons set forth above, the Court finds that there are no genuine issues of material fact that preclude summary judgment, and Defendants' *Motion for Summary Judgment*[33] is GRANTED. Plaintiffs' claims are dismissed with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 20th day of May, 2019.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[33] Rec. Doc. No. 26.
51661